IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01387-PAB-NYW

LUIS LEAL,
DEAN CARBAJAL, and
VICTORIA CARBAJAL,

      Plaintiffs,

v.

JAMES FALK, Former Warden of Limon Correction Facility, in his individual and official capacity, et al.,

      Defendants.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 111]. The recommendation addresses defendants' Motion to Dismiss [Docket No. 60] and plaintiffs' Motion for Leave to Amend Complaint [Docket No. 84]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

This lawsuit involves allegations that the defendant correctional officers retaliated against plaintiffs for having filed another lawsuit that has since been dismissed. *See*

---

[1] Including the amended complaint that is the subject of plaintiffs' motion to amend, Docket No. 84, plaintiffs have filed four complaints. *See* Docket Nos. 1, 15, 21 84-1. Plaintiffs' second and third amended complaints, however, are nearly identical. For ease of reference, the Court refers to plaintiffs' second amended complaint as their amended complaint. The Court assumes that the allegations in plaintiffs' amended complaint and declaration in support are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

Docket No. 22 at 2, ¶¶ 3-5.  Plaintiff Luis Leal "is a disabled citizen" who alleges that, in "response to his protest and litigation to enforce his disability rights," he has been "intimidated" in an attempt to "chill his protest and litigation."  See id., ¶ 3.  Plaintiff Dean Carbajal is currently incarcerated at Sterling Correctional Facility and alleges that his participation in Mr. Leal's lawsuit has resulted in "numerous attacks and acts of intimidation" against him by defendants.  Id., ¶ 4.  Finally, plaintiff Victoria Carbajal alleges that she has been "intimidate[d] and coerced to not participate" in Mr. Leal's disability lawsuit through the actions taken against her son, Mr. Carbajal.  Id., ¶ 5.  Defendants are various wardens, case managers, and correctional officers at Limon Correctional Facility ("LCF"), where Mr. Carbajal used to be housed, and in the broader Colorado Department of Corrections system.  See id. at 2-7, ¶¶ 6-17.  Plaintiffs allege that defendants have retaliated against them in the following way: (1) falsely identifying Mr. Carbajal as a sex offender and sharing this information in order to "provoke violence against him"; (2) transferring Mr. Carbajal to LCF even though he was previously removed from LCF for safety concerns; (3) hiding Mr. Carbajal's previous issues with gang members at LCF; (4) housing Mr. Carbajal with gang members who had attacked him previously; (5) failing to take Mr. Carbajal out of unsafe housing conditions; (6) ignoring Mr. Carbajal's warnings that he was in danger; (7) transferring Mr. Carbajal to a restricted unit as punishment; (8) confiscating Mr. Carbajal's property; and (9) attacking and intimidating Ms. Carbajal and Mr. Leal.  See Docket No. 21 at 6-17.

      On May 14, 2019, plaintiffs filed this lawsuit.  See Docket No. 1.  In their amended complaint, plaintiffs assert the following five claims: (1) a claim by Mr.

Carbajal for failure to protect under the Eighth and Fourteenth Amendments; (2) a claim by all plaintiffs for conspiracy to deter testimony pursuant to 42 U.S.C. § 1985(2) in violation of the First and Fourteenth amendments; (3) a claim by all plaintiffs for retaliation in violation of the First and Fourteenth Amendments; (4) a claim by Mr. Carbajal for negligence; and (5) a claim by all plaintiffs for retaliation in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). *See* Docket No. 21 at 6-17. On April 17, 2020, defendants filed a motion to dismiss. *See* Docket No. 60. On June 26, 2020, plaintiffs filed a motion to amend. *See* Docket No. 84.

On October 27, 2020, Magistrate Judge Nina Wang issued a recommendation regarding defendants' motion to dismiss and plaintiffs' motion to amend. *See* Docket No. 111. Defendants filed objections to the recommendation on November 10, 2020. *See* Docket No. 114. After granting a motion for extension of time, *see* Docket No. 113, plaintiffs filed objections on December 8, 2020. *See* Docket No. 116.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985)

("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff still must provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 583

4

F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)). Otherwise, the Court need not accept conclusory allegations. *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted). Because plaintiffs are pro se, the Court construes their pleadings liberally. *See Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007).

### III. ANALYSIS

#### A. Motion to Amend and Dismissal

There are no objections to the magistrate judge's recommendation that plaintiffs' motion to amend be granted. The Court has reviewed the non-objected portions of the

recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

However, plaintiffs object that the magistrate judge could not grant plaintiffs' motion to amend without mooting defendants' motion to dismiss as being directed at an inoperative pleading. *See* Docket No. 116 at 4. Plaintiffs are correct that "an amended complaint ordinarily supersedes the original and renders it of no legal effect." *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (citation omitted). That does not mean, however, that an amended complaint will always supersede motions directed to the previously operative pleading. Rather, "defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." Wright & Miller, *Effect of an Amended Pleading*, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.).

As the magistrate judge concluded, the third amended complaint is substantially similar to the second and will "not affect the court's adjudication of the Motion to Dismiss." *See* Docket No. 111 at 7. Plaintiffs do not explain why defendants' arguments for dismissal are not equally applicable given the insignificant amendments to the complaint. As a result, the Court agrees that the amended complaint does not moot defendants' motion to dismiss.

### B. Eleventh Amendment Immunity

The magistrate judge analyzed several of plaintiffs' claims against defendants' assertion of immunity based on the Eleventh Amendment. *See* Docket No. 111 at 11-20. Plaintiffs, however, only object to the magistrate judge's analysis as it pertains to whether plaintiffs have alleged an actual violation of the Fourteenth Amendment such that plaintiffs ADA claim survives the Eleventh Amendment's immunity bar. As a result, there are no objections to the magistrate judge's recommendation that: (1) plaintiffs' first, second, and third claims should be dismissed against defendants in their official capacities; (2) Mr. Carbajal's fourth claim should be dismissed in its entirety; (3) the RA abrogates a states' Eleventh Amendment immunity; and (4) to overcome the Eleventh Amendment's bar against suit under the ADA, plaintiffs must allege an actual violation of the Fourteenth Amendment. *See id.* at 11-17. The Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

Regarding plaintiffs' sole objection to the magistrate judge's recommendation regarding the Eleventh Amendment, that they have alleged an actual violation of the Fourteenth Amendment, plaintiffs argue that "shocking-the-conscience is not necessary to trigger a 14th Amendment violation." *See* Docket No. 116 at 8. The Court disagrees. First, plaintiffs cite no authority for the proposition that conscience-shocking behavior is not the appropriate standard, other than citing a case from the First Circuit.

*See id.* at 8. Moreover, as the magistrate judge correctly concluded, establishing an independent violation of the Fourteenth Amendment is difficult; the standard is "exacting" and the "[c]hallenged actions must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience-shocking." *Lindsey v. Hyler*, 918 F.3d 1109, 1116 (10th Cir. 2019) (citations, quotations, and alterations omitted). Plaintiffs do not even attempt to argue that defendants' actions meet this standard, and the Court agrees with the magistrate judge's analysis that defendants' actions here do not rise to that level. *See United States v. Georgia*, 546 U.S. 151, 155 (2006) (concluding that allegations that a wheelchair bound inmate was confined for nearly 24 hours a day and was "forced to sit in his own feces and urine" established an independent violation of the Fourteenth Amendment under the ADA).

However, plaintiffs now, for the first time, argue that it is the failure to protect claim that supplies the appropriate Fourteenth Amendment violation to overcome the Eleventh Amendment's immunity bar in the context of the ADA. *See* Docket No. 116 at 8. However, this allegation is nowhere to be found in plaintiffs' complaint, and plaintiffs are not permitted to raise new arguments in their objection. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raises for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished) (same). As a result, the Court finds no error regarding the magistrate judge's conclusion that the Eleventh Amendment bars plaintiffs' ADA claim against defendants in their official capacity.

### C.  RA and ADA Individual Capacity Claims

Plaintiffs object to the magistrate judge's conclusion that neither the RA nor the ADA permit suits against state officials in their individual capacities.  *See* Docket No. 116 at 5.  As the magistrate judge concluded, however, the ADA precludes individual suits against correctional officers because correctional officers are not employers within the meaning of the ADA.  *See Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).  Because the standard for retaliation under the RA and the ADA is "the same," and analogous provisions of the RA and ADA should be construed similarly, *see White v. Colorado*, 82 F.3d 364, 367 (10th Cir. 1996), individual capacity suits are also not permitted by the RA.  *See A.B. ex rel. B.S. v. Adams-Arapahoe 28J Sch. Dist.*, 831 F. Supp. 2d 1226, 1254 (D. Colo. 2011) ("There is no individual liability under [the RA].").  Given the prevailing caselaw from the Tenth Circuit and this district, plaintiffs' citations to cases from outside the Tenth Circuit is unpersuasive.

### D.  RA Official Capacity Claim

Plaintiffs object to the magistrate judge's conclusion that they have failed to state a claim against defendants in their official capacities.  *See* Docket No. 116 at 5.  Specifically, plaintiffs argue that they sufficiently pled that they were retaliated against for "assisting Mr. Leal in requesting ADA accommodations, protesting the denial of accommodations and intentional discrimination, and redressing grievances/filing suit for ADA and RA violations."  *Id.* at 6.  Plaintiffs then list a series of allegations which they believe support their RA claim.  *See id.* at 6-8.  Plaintiffs, however, misunderstand the magistrate judge's conclusion.

9

A claim under the RA requires plaintiffs to allege that (1) they "engaged in protected activity," (2) they "suffered a materially adverse action . . . either after or contemporaneous with [the] protective activity," and (3) there is a "causal connection between the protected activity and the adverse action." *Reinhardt v. Albuquerque Pub. Schs. Bd. Of Educ.*, 594 F.3d 1126, 1131 (10th Cir. 2010). Rather than concluding that plaintiffs failed to meet the first or second prong, the magistrate judge determined that "[p]laintiffs fail to allege a causal connection between the alleged protected activity and [d]efendants' retaliatory conduct." *See* Docket No. 111 at 30. Specifically, the magistrate judge reasoned that Mr. Carbajal and Ms. Carbajal "were not parties to the *Leal* action, and the *Leal* action did not involve any [d]efendants named in this civil action." *Id.* Instead, the since-dismissed *Leal* case dealt with "conduct by CDOC personnel at a different correctional facility" and that it was "unclear whether their alleged retaliation was in close proximity to the filing of the *Leal* action." *Id.*

The Court agrees with the magistrate judge that plaintiffs have failed to allege any plausible connection between the alleged retaliatory acts and the filing of the *Leal* case. Indeed, plaintiffs' complaint and declaration,[2] *see* Docket Nos. 21, 22, do not

---

[2] The Tenth Circuit has instructed that, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Given that plaintiffs incorporate and reference the declaration in their amended complaint, *see* Docket No. 21 at 3-4 n.1, and the declaration was filed at the same time as the amended complaint, *see* Docket Nos. 21, 22, the Court liberally construes plaintiffs' complaint together with their declaration. *See Parks v. Taylor*, 2020 WL 1271587, at *5 (W.D. Okla. Mar. 17, 2020) (reading pro se plaintiff's attached declaration in tandem with the complaint); *Watts v. Anthem Inc.*, No. 18-cv-01732-NYW, 2018 WL 4742557, at *2-3 (D. Colo. 2018) (same).

contain any non-conclusory allegations regarding causality. Even the allegations to which plaintiffs direct the Court's attention in their objection do not allege a causal connection. For example, plaintiffs cite to paragraphs 46 through 55 of the amended complaint. *See* Docket No. 116 at 6-7. But those allegations are bare assertions without any "supporting factual averments." *Cory*, 583 F.3d at 1244 . Plaintiffs allege that defendants "each individually and cumulatively sought to chill" plaintiffs' speech, but does not allege any actual causality between the *Leal* lawsuit and the actions. *See* Docket No. 21 at 15, ¶ 46. Plaintiffs' other allegations are substantially the same. *See id.*, ¶ 47 (alleging that defendants took Mr. Carbajal's personal belongings "to deter" him from participating in the *Leal* lawsuit, and nothing more); *see also, e.g.*, *id.* at 16, ¶ 49 (alleging that the "abusive and oppressive acts of retaliation were taken with the intent and understanding to chill the [p]laintiffs' grievances"). There are no plausible or non-conclusory allegations to suggest any causal connection, particularly given that the *Leal* lawsuit dealt with different defendants at a different facility. Plaintiffs' objection does not direct the Court to any well-pled allegations to support causality, and the Court agrees that plaintiffs have failed to allege causality.

### E.  Mootness and Injunctive Relief

Mr. Carbajal objects to the magistrate judge's conclusion that he may not seek prospective injunctive relief now that he has been relocated from LCF, where the alleged conduct occurred, to Sterling Correctional Facility. *See* Docket No. 116 at 9. Specifically, Mr. Carbajal argues that "the violation is likely to recur," and, as a result, he may receive prospective injunctive relief. *See id.* Mr. Carbajal cites to no allegations in

the amended complaint demonstrating any current retaliatory actions, and his lone assertion in an objection to the magistrate judge's recommendation is insufficient, particularly when his entire complaint is focused on actions that occurred at a different facility.

### F. First Amendment Retaliation

Plaintiffs object to the magistrate judge's conclusion that they failed to state a claim for retaliation under the First Amendment. *See* Docket No. 116 at 10-11. Specifically, plaintiffs argue that the amended complaint contains sufficient allegations to state a retaliation claim and directs the Court to certain portions of their complaint. *Id.* The Court agrees with the magistrate judge that plaintiffs have failed to state a claim for retaliation in violation of the First Amendment.

To state a First Amendment retaliation claim, plaintiffs must allege that (1) they "engaged in constitutionally protected activity"; (2) they suffered "an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) "the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *See Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). The magistrate judge first concluded that "it is unclear what protected activity Mr. and Ms. Carbajal engaged in regarding the *Leal* action given that neither of them was a plaintiff in that action." *See* Docket No. 111 at 27. Next, the magistrate judge concluded that plaintiffs have not asserted any well-pled allegations regarding retaliatory actions toward Mr. Leal and Ms. Carbajal. *Id.* The magistrate judge concluded that, even if plaintiffs surmounted these hurdles, they failed

to allege any causal connection between the retaliatory conduct and the protected activity. *See id.*

The Court agrees that plaintiffs have failed to demonstrate any protected activity as it pertains to Mr. and Ms. Carbajal, or allege retaliatory actions against Ms. Carbajal and Mr. Leal. Mr. and Ms. Carbajal offer no support or arguments for why their "participation" in the *Leal* lawsuit was constitutionally protected activity. And the complaint has no, non-conclusory allegations regarding retaliation against Mr. Leal or Ms. Carbajal.[3] However, assuming as the magistrate judge did, that plaintiffs did sufficiently allege the first two prongs for a First Amendment retaliation claim, the complaint lacks any well-pled allegations regarding a causal link between plaintiffs' allegedly protected activity and the retaliatory acts against them. Much like plaintiffs did for their RA claim, they cite to various allegations in the complaint. *See* Docket No. 116 at 10. But, like that claim, there is nothing connecting plaintiffs' participation in the *Leal* lawsuit, which dealt with different defendants at a different facility, to the actions here. Plaintiffs must allege "specific facts" showing retaliation. *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (emphasis omitted). Recitation of the acts done to plaintiffs, *see* Docket No. 116 at 10, does not satisfy the requirement of showing how those acts are connected to plaintiffs' protected activity.[4]

---

[3] For example, plaintiffs allege several acts that were taken against Mr. Carbajal, but allege no acts that were taken against Mr. Leal or Ms. Carbajal. *See, e.g.*, Docket No. 22 at 13-14, ¶¶ 40-45.

[4] While plaintiffs do allege that several defendants told Mr. Carbajal that he "shouldn't sue our staff," Docket No. 21 at 12, ¶ 35, it is unclear how this is a reference to the *Leal* lawsuit since Mr. Carbajal was not a party to that lawsuit or suing anyone.

13

### G.  Fourteenth Amendment Claims

There are no objections to the magistrate judge's recommendation that plaintiffs' substantive due process claims asserted in claims one, two, and three be dismissed. *See* Docket No. 111 at 4 n.5.  The Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

### H.  Conspiracy Claim

Plaintiffs object to the magistrate judge's conclusion that they failed to state a claim for conspiracy under 42 U.S.C. § 1984(2).  *See* Docket No. 116 at 11-12. Plaintiffs only objection, however, is that "contrary" to the magistrate judge's recommendation, they in fact made a plausible claim.  *See id.*  However, an objection must be both timely and specific.  *See 2121 E. 30th*, 73 F.3d at 1060.  "Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.'" *See id.* (citation omitted).  Plaintiffs' assertion, without any developed legal argument or factual support that the magistrate judge's conclusion was incorrect, is insufficient to warrant de novo review.  As a result, the Court will review for clear error, and the Court is satisfied that this portion of the recommendation is a correct application of the facts and the law and there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

### I.  Failure to Protect

Defendants object to the magistrate judge's conclusion that Mr. Carbajal has stated a claim for failure to protect.  See Docket No. 114.  Specifically, defendants argue that (1) plaintiffs' allegations violate Federal Rule of Civil Procedure 8, and (2) the allegations fail to establish the first prong of the qualified immunity analysis.  *Id.* at 5-6.

As relevant here, Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To meet this requirement, a plaintiff "need[] only to provide allegations which are clear enough so that the opposing party and the court can discern a factual and legal basis for his claims."  *See David v. United States*, – F. App'x –, 2021 WL 868485, at *2 (10th Cir. Mar. 9, 2021) (unpublished).  Mr. Carbajal has met that standard here as to his one remaining claim, failure to protect.

That does not mean, however, that Mr. Carbajal has stated a claim under Federal Rule of Civil Procedure 12(b)(6).  The Court finds that Mr. Carbajal has failed to state a claim for failure to protect as a result of his allegedly false classification as a sex offender, but has stated a claim for failure to protect from gang violence.

Defendants have invoked qualified immunity as to Mr. Carbajal's failure to protect claim.  Qualified immunity "protects public employees from both liability and 'from the burdens of litigation' arising from their exercise of discretion."  *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (quoting *Allstate Sweeping, LLC v. Black*, 706 F.3d 1261, 1266 (10th Cir. 2013)).  For a claim to survive a qualified immunity defense, a plaintiff must "demonstrate '(1) that the official violated a statutory or

constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Id.* (quoting *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015)). While the Court agrees with the recommendation that it is clearly established that Mr. Carbajal has a right to be protected from both sexual assault and threats of violence, Mr. Carbajal has failed to establish the first prong, the existence of a constitutional violation.

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (quotations omitted). "In particular, inmates have a constitutional right to be reasonably protected from constant threats of violence and sexual assaults from other inmates." *Savage v. Fallin*, 663 F. App'x 588, 592 (10th Cir. 2016) (unpublished) (citation and quotations omitted). For a prison official to be liable, Mr. Carbajal must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer*, 511 U.S. at 837. However, "it is particularly important that plaintiffs make clear exactly *who* is alleged to have done *what* to *whom*, as distinguished from collective allegations." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (citation, quotations, and alterations omitted).

There are two categories of acts relevant to Mr. Carbajal's claim of failure to protect: (1) identifying Mr. Carbajal as a sex offender and (2) various allegations regarding Mr. Carbajal's safety at LCF given his previous altercations with a prison

gang.

As to Mr. Carbajal's sex offender classification, Mr. Carbajal alleges that "[d]efendant CDOC, Falk, Redman, McCullum, Piper, Kahn, and Winegardner . . . classified Mr. Carbajal as a [sex offender], and/or refused to correct this false classification." *See* Docket No. 21 at 6, ¶ 5. While this allegation is sufficient for Rule 8 purposes, it fails to parse what each defendant did to plaintiff and how they did it. There are no "supporting factual averments," *Cory*, 583 F.3d at 1244, regarding how, for example, Officer Piper classified Mr. Carbajal as a sex offender or how he refused to correct the classification. Not only is this a "collective allegation," but it also is a bare recital of the elements for failure to protect regarding a prisoner's status, which is insufficient under Rule 12(b)(6). *See Brown v. Narvais*, 265 F. App'x 734, 736 (10th Cir. 2008) (unpublished) (holding that it is a constitutional violation for a prison official to "disclos[e] [] dangerous information about an inmate's status"); *Twombly*, 550 U.S. at 555 (stating that it is insufficient to provide "formulaic recitations of the elements of a cause of action"). Mr. Carbajal's attached declaration also fails to differentiate between defendants or provide any non-conclusory allegations. *See, e.g.*, Docket No. 22 at 14, ¶¶ 46-47 (allegation that "Anthony, Cpt. Stucker, [] Falk[,] . . . Case Manager McCullum, Kahn, and Piper . . . refused to correct this false information"). Accordingly, the Court finds that Mr. Carbajal has failed to state a claim based on his alleged classification as a sex offender.

Mr. Carbajal's allegations regarding failure to protect from gang violence, however, are sufficient. While Mr. Carbajal's allegations in his amended complaint regarding gang violence are largely conclusory, his declaration provides sufficient

17

allegations to survive at this stage of the litigation. In his complaint, Mr. Carbajal alleges that "[d]efendants CDOC, Falk, Redman, Piper, McCullum, Kahn, Gosset, Torrez, Torrez, Contreras, Trujillo, and Winegardner intentionally aided and abetted in the forcing of Mr. Carbajal into General Population in LCF." Docket No. 21 at 6, ¶ 6. He further alleges that the same defendants "aided and abetted in the refusal to separate Mr. Carbajal from gang members that threatened to kill him," that "[d]efendants Gosset, Kahn, Torrez, and McCullum conspired with gang members to attack Mr. Carbajal," and "[d]efendants Gosset, Torrez, Torrez, Piper, Kahn, McCullum, and other CDOC staff intentionally refused to respond to the imminent threat of attacks . . . which resulted in attacks against Mr. Carbajal." *See id.* at 7, ¶¶ 7-13. Plaintiffs other allegations are substantially the same. These allegations are conclusory, as they fail to provide any supporting facts. Moreover, Mr. Carbajal relies on collective allegations. While Mr. Carbajal does name particular defendants in his allegations, rather than simply alleging "defendants," that is insufficient to demonstrate who did what to whom because he is still alleging that anywhere from four to twelve defendants collectively, without any individual allegations, took some conclusory action.

His declaration, however, provides the requisite detail to survive an attack pursuant to Rule 12(b)(6). For example, Mr. Carbajal describes how gang members asked him to stab a LCF guard. *See* Docket No. 22 at 15, ¶ 49. He alleges that he refused and reported the incident to defendant McCullum, who reported it to defendants Torrez, Torrez, and Gosset. *Id.*, ¶ 50. Plaintiff also alleges that "Gosset, Torrez, and Torrez . . . revealed to [] [the gang] and LCF staff that Mr. Carbajal had been cooperating" with LCF. *Id.* Nonetheless, "Gosset, Torrez, Torrez, [and] McCullum . . .

force[d] Mr. Carbajal into [general population]" with the gang members he informed on. *Id.*, ¶ 51. Upon arrival in general population, Mr. Carbajal alleges that he informed "Lt. Torrez" that he was going to be attacked by the gang, that the gang in fact threatened him, and he reported this threat to "Torrez [and] Gosset." *Id.* at 15-16, ¶ 52. These allegations clearly describe which defendants did what, how they did it, and when they did it. It is unclear what more defendants believe Mr. Carbajal must allege at this stage of the litigation. His declaration provides the what, who, and how for all of his allegations regarding gang violence. *See id.* at 17, ¶ 56 (alleging that, in September 2017, defendants "Trujillo, Piper, [and] Falk" transferred Mr. Carbajal to Sterling Correction Facility, but defendants "Gosset, Falk, Torrez, [and] McCullum . . . covered up Mr. Carbajal's initial assault at LCF, and removed any custody issues"); *id.* at 4-5, ¶ 11 (alleging that "Officer Kahan . . . remove[d] numerous custody issues" so as to "force[] Mr. Carbajal into" general population). Mr. Carbajal's declaration contains adequate details, and the Court finds that these allegations are sufficient to state a claim of failure to protect based on gang violence.

Defendants do not object to the magistrate judge's conclusion that it is clearly establish that Mr. Carbajal has a right to be protected against known harm from potential gang violence. The Court finds no error in this conclusion.

## IV. CONCLUSION

It is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 111] is accepted in part and rejected in part. It is further

**ORDERED** that plaintiffs' Motion for Leave to Amend Complaint [Docket No. 84] is **GRANTED**. It is further

**ORDERED** that the Defendant's Motion to Dismiss [Docket No. 60] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that Mr. Carbajal's first claim under the Eighth Amendment against defendants in their official capacities is **DISMISSED** without prejudice. It is further

**ORDERED** that the portion of Mr. Carbajal's first claim under the Eighth Amendment based on his alleged classification as a sex offender is **DISMISSED** with prejudice. It is further

**ORDERED** plaintiffs' second, third, fourth, and fifth claims are **DISMISSED** with prejudice. It is further

**ORDERED** that Luis Leal and Victoria Carbajal are dismissed from this case.

DATED March 29, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge