IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01387-PAB-NYW

DEAN CARBAJAL,

    Plaintiff,

v.

JAMES FALK, Former Warden of Limon Correctional Facility, in his individual and official capacity,
EUGENE REDMAN, Assistant Warden of Limon Correctional Facility, in his individual and official capacity,
GREGORY SMITH, Captain of Limon Correctional Facility, in his individual and official capacity,
ANTHONY PIPER, Case Manager of Limon Correctional Facility, in his individual and official capacity,
MICHAEL MCCULLUM, Case Manager of Limon Correctional Facility, in his individual and official capacity,
JEREMY KAHN, Case Manager of Limon Correctional Facility, in his individual and official capacity,
JESSICA GOSSETT, Inspector General of Limon Correctional Facility, in her individual and official capacity,
BLAS TORREZ, Lieutenant of Limon Correctional Facility, in his individual and official capacity,
CHANCE TORRES, Lieutenant of Limon Correctional Facility, in his individual and official capacity,
CARL TRUJILLO, Officer of Offender Services for Colorado Dept. of Corrections, in his individual and official capacity,
JOSE CONTRERAS, Officer of Offender Services of the Colorado Dept. of Corrections, in his individual and official capacity, and
LARRY WINEGARDNER, Case Manager of Colorado State Penitentiary, in his individual and official capacity,

    Defendants.

## ORDER

Entered By Magistrate Judge Nina Y. Wang

    This matter is before the court on the Motion to Compel Discovery Or, Alternatively, For

Sanctions Under Fed. R. Civ. P. 37 (the "Motion" or "Motion to Compel") filed on March 29,

2022 by Plaintiff Dean Carbajal ("Plaintiff" or "Mr. Carbajal"). [Doc. 164]. The court considers the Motion pursuant to 28 U.S.C. § 636(b) and the Memorandum dated March 31, 2022. [Doc. 166]. Upon review of the Motion, the related briefing, and applicable case law, the Motion to Compel is **DENIED without prejudice**.

## BACKGROUND

This court has previously set forth the factual background of this case in detail, *see* [Doc. 111], and does so again here only for purposes of the instant Motion. Plaintiff Dean Carbajal ("Plaintiff" or "Mr. Carbajal") initiated this action on May 14, 2019.[1] After Defendants filed a Motion to Dismiss, *see* [Doc. 60], and the Motion to Dismiss was granted in part and denied in part, *see* [Doc. 118 at 19-20], the only claim remaining is an Eighth Amendment failure-to-protect claim against Defendants in their individual capacities, which arises out of Defendants' alleged misclassification of Plaintiff as a sex offender. [Doc. 111 at 31; Doc. 118 at 19-20].

This court held a Scheduling Conference on July 19, 2021. *See* [Doc. 132]. The court set the written discovery deadline for October 29, 2021, the discovery deadline for March 4, 2022, and the dispositive motion deadline for April 4, 2022. [*Id.* at 5]. On November 5, 2021, this court granted Mr. Carbajal's motion for an extension of time to serve written discovery requests upon Defendants, and extended the deadline to December 13, 2021. [Doc. 143; Doc. 145 at 2]. Upon an additional motion from Plaintiff, *see* [Doc. 155], on February 28, 2022, the court re-set the discovery deadline to May 3, 2022 and re-set the dispositive motions deadline to June 3, 2022. [Doc. 161 at 2]. However, the court denied Plaintiff's motion to the extent it sought an extension of the written discovery or expert disclosure deadlines, as Plaintiff's motion was filed after the

---

[1] Plaintiff initiated this action along with two other individuals, Luis Leal and Victoria Carbajal, *see* [Doc. 1], who have since been dismissed as plaintiffs from this case. *See* [Doc. 118 at 20].

extension of those deadlines and Plaintiff had not articulated good cause for extensions of those deadlines. [*Id.*]. Plaintiff objected to the court's order, *see* [Doc. 163], and Plaintiff's objections were overruled by the presiding judge. [Doc. 173].

On March 29, 2022, Plaintiff filed the instant Motion to Compel. *See* [Doc. 164]. In the Motion, Plaintiff seeks a court order compelling Defendants to respond to his discovery requests and/or sanctions under Rule 37 of the Federal Rules of Civil Procedure. [*Id.* at 1]. According to Plaintiff, Defendants have "refuse[d] to produce any of the requested evidence" and have "failed to respond" to his discovery requests, such that a court order compelling responses and/or imposing sanctions is warranted. [*Id.* at 2]. Mr. Carbajal states that Defendants have failed to respond to two separate sets of discovery requests, one mailed to Defendants on November 2, 2022 (the "First Set of Discovery Requests") and the other mailed on November 5, 2022 (the "Second Set of Discovery Requests"). [*Id.*]. However, Mr. Carbajal does not specifically identify any discovery responses that he believes are deficient. *See generally* [*id.*].

The court ordered Defendants to respond to the Motion to Compel no later than April 14, 2022. *See* [Doc. 167 at 7]. In their Response, Defendants state that they responded to Plaintiff's First Set of Discovery Requests in good faith, but "recognize some of their responses need to be supplemented and are working to do so."[2] [Doc. 174 at ¶ 1]. Defendants argue that "because responses were provided and recognizing their obligations to supplement pursuant to F.R.C.P. 26, an order compelling responses is not warranted." [*Id.*]. Defendants, however, did not submit a copy of their responses to the First Set of Discovery Requests. *See* [*id.*]. In addition, with respect to the Second Set of Discovery Requests, Defendants state that they never received such requests

---

[2] The court granted two extensions for Defendants to respond to Plaintiff's Interrogatories and Request for Production of Documents served on November 4, 2021—the First Set of Discovery Requests. [Doc. 147; Doc. 149; Doc. 151; Doc. 153].

3

in the mail and had not seen the Requests until Plaintiff attached the Requests to his Motion to Compel. [*Id.* at ¶ 2]. Defendants suggest that based on the timing of the Second Set of Discovery Requests, Plaintiff never sent the Requests to Defendants. [*Id.* at 1 n.1; *id.* at ¶ 3].

## ANALYSIS

Rule 37(a) of the Federal Rules of Civil Procedure provides that a party may move for an order compelling disclosure or discovery where a party has not disclosed any information or has disclosed evasive or incomplete answer to discovery. Fed. R. Civ. P. 37(a). "The party moving to compel discovery must prove that the opposing party's answers are incomplete," and the "party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Rule 26(b)(1)." *Tara Woods Ltd. P'ship v. Fannie Mae*, 265 F.R.D 561, 566 (D. Colo. 2010). Ultimately, "[t]he administration of the rule[ ] lies necessarily within the province of the trial court with power to fashion such orders [as] may be deemed proper to vouchsafe full discovery for the just, speedy and inexpensive determination of the lawsuit." *Robison v. Transamerica Ins. Co.*, 368 F.2d 37, 39 (10th Cir. 1966).

In addition, the Local Rules of Practice for this District require that:

> A motion under Fed. R. Civ. P. 26 or 37 directed to an interrogatory, request, or response under Fed. R. Civ. P. 33, 34, or 36 <u>shall set forth either in the text of the motion or in an exhibit to the motion the specific interrogatory, request, or response to which the motion is directed</u>.

D.C.COLO.LCivR 37.1 (emphasis added). The failure to comply with this requirement is a sufficient basis to deny a motion to compel. *See Deuty v. HP (Hewlett-Packard)*, No. 10-cv-00562-WYD-KMT, 2011 WL 834197, at *2 (D. Colo. Mar. 4, 2011); *Grays v. Auto Mart USA, LLC*, No. 18-cv-01761-MSK-NYW, 2020 WL 13219891, at *12 (D. Colo. Apr. 17, 2020). Indeed, "[i]t is impossible to meaningfully consider or rule on a motion to compel without this

4

information." *Franks v. Flint-McClung Cap., LLC*, No. 11-cv-00407-PAB-BNB, 2011 WL 5244412, at *4 (D. Colo. Nov. 3, 2011).

The court notes that it is troubled by Defendants' admission that they "recognize some of their responses need to be supplemented," particularly after two extensions and an order of this court that indicates no further extensions would be granted absent extraordinary circumstances. [Doc. 153]. However, because Mr. Carbajal did not set forth the specific interrogatory, request, or response to which his Motion to Compel is directed, and because no Party has provided the court with a copy of Defendants' discovery responses, the court is unable to substantively consider the sufficiency of Defendants' responses. Indeed, the court cannot enter an order compelling discovery responses when it has not been presented with a copy of the allegedly deficient responses or informed of the exact scope of Plaintiff's requested relief. For this reason, the Motion to Compel is **DENIED without prejudice**. *See Campbell v. Pohlman*, No. 09-cv-01041-CMA-KLM, 2011 WL 197839, at *1 (D. Colo. Jan. 19, 2011) (concluding that a motion to compel which failed to set out the specific responses to which the plaintiff objected could be denied on that basis alone, despite the plaintiff's pro se status).

The court notes that a Final Pretrial Conference set for **June 6, 2022 at 10:00 a.m.** The court hereby advises the Parties that such Conference **SHALL INCLUDE** a discussion of the Parties' discovery disputes related to Defendants' responses to Plaintiff's discovery requests. To permit a productive Discovery Dispute Conference, it is **ORDERED** that the Parties **SHALL FILE** a <u>Joint</u> Status Report on or before **May 31, 2022** detailing Plaintiff's <u>specific objections</u> to Defendants' discovery responses and Defendants' responses to Plaintiff's objections. Due to Plaintiff's incarceration, the court understands the difficulties that may arise with submitting a Joint Status Report; accordingly, Plaintiff **SHALL SUBMIT** his specific objections <u>to Defendants</u>

5

on or before **May 19, 2022**, and Defendants shall then incorporate Plaintiff's specific objections into the Joint Status Report.

In addition, it is **ORDERED** that on or before **May 6, 2022**, Defendants **SHALL FILE** a copy of all of their discovery responses, as well as any supplementations thereto, that they have submitted to Plaintiff in response to his discovery requests.  Further, due to Defendants' contentions concerning the Second Set of Discovery Requests, on or before **May 31, 2022**, Defendants **SHALL PRODUCE** a mail log for November 5-12, 2021 from Plaintiff's facility so that the court may attempt to ascertain whether Mr. Carbajal sent discovery requests that were not received by Defendants.

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1) The Motion to Compel Discovery Or, Alternatively, For Sanctions Under Fed. R. Civ. P. 37 [Doc. 164] is **DENIED without prejudice**;

(2) On or before **May 6, 2022**, Defendants **SHALL FILE** a copy all of their discovery responses, as well as any supplementations thereto, that they have submitted to Plaintiff in response to his discovery requests;

(3) On or before **May 19, 2022**, Plaintiff **SHALL PROVIDE** to Defendants his specific objections to Defendants' discovery responses;

(4) On or before **May 31, 2022**, the Parties **SHALL FILE** a Joint Status Report, in which Defendants incorporate Plaintiff's specific objections to the discovery requests and provide Defendants' responses thereto;

(5) On or before **May 31, 2022**, Defendants **SHALL FILE** a mail log for November 5-12, 2021 from Plaintiff's facility;

(6) The Final Pretrial Conference set for **June 6, 2022 at 10:00 a.m. SHALL INCLUDE** discussion of the Parties' discovery dispute with respect to Defendants' written discovery responses.  The Final Pretrial Conference shall be held in-person in Courtroom A-502 of the Alfred A. Arraj United States Courthouse.  **Plaintiff's case manager shall ensure Plaintiff's participation in the Final Pretrial Conference by using the following dial-in information at the designated time: 888-363-4749; Access Code: 5738976#**; and

  (7) A copy of this Minute Order, marked as legal mail, shall be sent to:

>Dean Carbajal, #110955
>Sterling Correctional Facility (SCF)
>P.O. Box 6000
>Sterling, CO 80751
>
>and
>
>Case Manager for Dean Carbajal, #110955
>Sterling Correctional Facility (SCF)
>P.O. Box 6000
>Sterling, CO 80751

DATED: April 28, 2022       BY THE COURT:

                      _____
                      Nina Y. Wang
                      United States Magistrate Judge