IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01387-PAB-NYW

DEAN CARBAJAL,

    Plaintiff,

v.

JAMES FALK, Former Warden of Limon Correctional Facility, in his individual and official capacity,
EUGENE REDMAN, Assistant Warden of Limon Correctional Facility, in his individual and official capacity,
GREGORY SMITH, Captain of Limon Correctional Facility, in his individual and official capacity,
ANTHONY PIPER, Case Manager of Limon Correctional Facility, in his individual and official capacity,
MICHAEL MCCULLUM, Case Manager of Limon Correctional Facility, in his individual and official capacity,
JEREMY KAHN, Case Manager of Limon Correctional Facility, in his individual and official capacity,
TIFFANY GOSSETT, Inspector General of Limon Correctional Facility, in her individual and official capacity,
BLAS TORREZ, Lieutenant of Limon Correctional Facility, in his individual and official capacity,
CHANCE TORRES, Lieutenant of Limon Correctional Facility, in his individual and official capacity,
CARL TRUJILLO, Officer of Offender Services for Colorado Dept. of Corrections, in his individual and official capacity,
JOSE CONTRERAS, Officer of Offender Services of the Colorado Dept. of Corrections, in his individual and official capacity, and
LARRY WINEGARDNER, Case Manager of Colorado State Penitentiary, in his individual and official capacity,

    Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Nina Y. Wang

    This matter is before the court on Defendants' Motion to Restrict Documents (the "Motion" or "Motion to Restrict") filed on May 31, 2022. [Doc. 188]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated December 24, 2019 [Doc. 29], and the Memorandum dated May 31, 2022. [Doc. 190].

"'Courts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997). Accordingly, courts may exercise discretion and restrict a public's right to access judicial records if that "'right of access is outweighed by competing interests.'" *JetAway*, 754 F.3d at 826 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *cf. United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking.").

In exercising that discretion, the court "'weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). "[A] generalized allusion to confidential information" is insufficient, as is the bare reliance on the existence of a protective order pursuant to which the documents were filed. *JetAway*, 754 F.3d at 826-27; *see also* D.C.COLO.LCivR 7.2 (stipulations between parties or stipulated protective orders regarding discovery, standing alone, are insufficient to support restriction). But a party may overcome the presumption of public access where the records contain trade secrets, *Alcatel-Lucent*, 617 F. App'x at 852; "business information that might harm a litigant's competitive standing," *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978); information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); private or personally identifiable information, Fed. R. Civ. P. 5.2; or information that otherwise invades privacy interests, *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205 (citing *Nixon*, 435 U.S. at 599).

These principles are reflected in D.C.COLO.LCivR 7.2. Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)-(4).

For purposes of background, the Parties are currently involved in a discovery dispute concerning whether Defendants failed to respond to Plaintiff's Second Set of Discovery Requests or whether Plaintiff never actually sent those Discovery Requests to Defendants. *See* [Doc. 175

at 3-4]. In denying Plaintiff's Motion to Compel without prejudice, this court ordered Defendants to produce a mail log from Plaintiff's facility from November 5, 2021—the date Plaintiff asserts he sent the Second Set of Discovery Requests—through November 12, 2021. [*Id.* at 6]. Defendants submitted the mail log to the court on May 31, 2022. [Doc. 189-1].

Defendants now seek Level 1 Restriction of the mail log as well as the accompanying Response to the Court's April 28, 2022 Minute Order Re: Mail Log [Doc. 189]. *See* [Doc. 188]. Defendants assert that the mail log contains the names and CDOC numbers of other inmates housed at Plaintiff's facility, as well as the names and addresses of the intended recipients of the inmates' legal mail. [*Id.* at ¶ 2]. According to Defendants, "[t]his information is private and sensitive, as it contains information about potential lawsuits, appeals, and other legal matters" and "may even contain information to suggest cooperation with law enforcement," such that the inmates' privacy interests "far outweigh the presumption of public access." [*Id.* at ¶ 3]. Finally, Defendants maintain that no alternative to outright restriction is feasible because "the names listed and not listed in the mail log is this Court's very inquiry." [*Id.* at ¶ 5].

The court agrees with Defendants that the prison mail log should remain restricted from public access. To be sure, "[c]ourts are public institutions which exist for the public to serve the public interest," *Zavaras*, 939 F. Supp. at 801, and thus information demonstrating the simple fact that some inmates may currently be involved in litigation or appeals is not sensitive or confidential. Nor can the court conclude that inmates' names or CDOC numbers, in and of themselves, warrant restriction from public access, given the public's availability to search for this information through the CDOC's public online database. However, the court agrees with Defendants that public disclosure of the mail log could inadvertently disclose the named inmates' sensitive information to the public, including inmates' non-public cooperation or involvement in other legal matters. The named inmates undoubtedly have a significant interest in preventing the public disclosure of this information. *Cf. Dawson v. Coleman*, No. 18-cv-01112-MSK-SKC, 2020 WL 1511127, at *8 (D. Colo. Mar. 30, 2020) (restricting documents naming, *inter alia*, inmates who had testified against the defendant because the material "implicate[d] a substantial privacy interest to the named inmates that outweighs the public interest.").

Moreover, the court cannot conclude that the public has a particularly strong interest in accessing the facility's mail log. While the public undoubtedly has an interest in judicial transparency and open court records, *Zavaras*, 939 F. Supp. at 801, the court notes that the mail log is not relevant to the substance of this case or the merits of Plaintiff's claims; rather, the mail log will be considered by the court only in determining whether Plaintiff mailed the Second Set of Discovery Responses to Defendants on November 5, 2021 (and thus, whether Defendants failed to respond to those Discovery Requests). For this reason, the court cannot conclude that the public's interest outweighs the inmates' privacy interests at stake here. *See Valenzuela v. Coleman*, No. 18-cv-00329-MSK-STV, 2020 WL 6082402, at *13 (D. Colo. Oct. 15, 2020), *order clarified*, No. 18-cv-00329-CMA-STV, 2021 WL 2473949 (D. Colo. June 17, 2021) ("There is no particular public interest in having access to documents that are not relevant and thus were not considered by the Court."); *compare Bragg v. Sw. Health Sys., Inc.*, No. 18-cv-00763-MSK-NRN, 2020 WL 813797, at *3 (D. Colo. Feb. 19, 2020) ("Concealment of documents that were specifically considered by the Court serves to conceal the judicial process from public view, creating 'secret court proceedings [that] are anathema to a free society.'") (quoting *Zavaras*, 939 F.

Supp. at 801 (alteration marks in original)). And finally, the court agrees that redaction of the mail log is not a feasible alternative to redaction. The cursory nature of the mail log precludes a definitive determination as to which entries may contain sensitive information; thus, to protect the potentially sensitive information, Defendants would essentially need to redact the entire document. *See All Plastic, Inc. v. SamDan LLC*, No. 20-cv-01318-NYW, 2021 WL 5067405, at *3 (D. Colo. Aug. 26, 2021) (finding redaction of confidential documents appropriate where "almost the entirety of [the documents] would need to be redacted" to protect the confidential information); *see also Dawson*, 2020 WL 1511127, at *8. For these reasons, the court will **GRANT** the Motion to Restrict insofar as it seeks to maintain Level 1 Restriction of the mail log [Doc. 189-1].

With that said, the court does not find that Defendants' Response to the Court's April 28, 2022 Minute Order Re: Mail Log, [Doc. 189], should be restricted. On its face, the Response does not itself contain any confidential or sensitive information; rather, it simply notes that the mail log is being filed and states that Defendants' position is that the mail log does not demonstrate that Plaintiff mailed the mail log on November 5, 2021—a position Defendants have previously publicly taken. [*Id.* at ¶¶ 1-3]; *see also* [Doc. 174 at ¶ 2]. Indeed, Defendants' Motion to Restrict contains no argument explaining why Defendants' Response should be restricted. *See generally* [Doc. 189]. In addition, this court is disinclined to restrict the Response as it reflects Defendants' position in opposition to Plaintiff's discovery requests and response to this court's April 28, 2022 Order. Accordingly, the court will **DENY** the Motion to Restrict insofar as it seeks restriction of Defendants' Response and will direct the Clerk of Court to unrestrict [Doc. 189].

For the reasons stated herein, **IT IS ORDERED** that:

(1) Defendants' Motion to Restrict Documents [Doc. 188] is **GRANTED in part** and **DENIED in part**;

(2) The Clerk of Court is **DIRECTED** to **MAINTAIN** Level 1 Restriction for [Doc. 189-1] until further order of the court;

(3) The Clerk of Court is **DIRECTED** to **UNRESTRICT** [Doc. 189]; and

(4) A copy of this Minute Order shall be sent to:

>   Dean Carbajal, #110955
>   Sterling Correctional Facility (SCF)
>   P.O. Box 6000
>   Sterling, CO 80751

DATED: June 6, 2022