IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01387-PAB-KAS

DEAN CARBAJAL,

    Plaintiff,

v.

JAMES FALK,
ANTHONY PIPER,
MICHAEL MCCALLUM,
JEREMY KAHN,
TIFFANY GOSSETT,
BLAS TORREZ, and
JOSE CONTRERAS,

    Defendants.

---

# ORDER

---

This matter comes before the Court on Plaintiffs [sic] Motion for Attorney Fees and Costs [Docket No. 330]. Defendants filed a response, Docket No. 341, and plaintiff filed a reply. Docket No. 358. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.[1]

## I. BACKGROUND

Plaintiff Dean Carbajal,[2] an inmate in the Colorado Department of Corrections ("CDOC"), filed this case under 42 U.S.C. § 1983 against various CDOC officials,

---

[1] Although this case is currently on appeal, the Court has jurisdiction to resolve the motion for attorneys' fees. *See McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010) ("an award of attorney fees for the case at issue is perhaps the paradigmatic example of a collateral issue a district court may entertain after an appeal has been taken to this court").

[2] While Mr. Carbajal's former attorney filed the present motion, Docket No. 330, Mr. Carbajal is now without counsel. Docket No. 383.

alleging a failure to protect in violation of the Eight Amendment.  Docket No. 368 at 1-2.  The case went to trial between July 29, 2024 and August 5, 2024.  *Id.* at 2-5.  On Friday, August 2, 2024, defendants filed a Notice of Death stating that defendant Blas Torrez died on August 1, 2024.  *Id.* at 4; Docket No. 317 at 1.  The Court, without objection from the parties, submitted the case to the jury without informing the jury of Mr. Torrez's death.  Docket No. 368 at 4-5.

The jury returned a verdict in favor of all defendants on Mr. Carbajal's claim.  Docket No. 324.  On August 7, 2024, the Court entered final judgment in favor of defendants James Falk, Eugene Redman, Anthony Piper, Michael McCallum, Jeremy Kahn, Tiffany Gossett, Blas Torrez, Jose Contreras, and Larry Winegardner and against Mr. Carbajal.  Docket No. 326 at 1.

Mr. Carbajal filed a motion for a new trial, arguing, among other things, that the jury verdict in favor of Mr. Torrez was against the weight of the evidence because Mr. Torrez did not present a defense and that, in any event, Mr. Torrez's death divested the Court of jurisdiction to enter judgment in favor of Mr. Torrez.  Docket No. 340 at 10-12.[3]  The Court rejected both of these arguments.  Docket No. 368 at 12-16.

In his motion for attorneys' fees, Docket No. 330, Mr. Carbajal argues that Mr. Torrez's decision not to put on evidence at trial constitutes a default and, thus, Mr. Carbajal actually prevailed on his claim against Mr. Torrez.  *Id.* at 5.  Given that Mr. Carbajal believes that he prevailed at trial against Mr. Torrez, he asserts that he is entitled to attorneys' fees for both the work of his attorney and for work he performed

---

[3] Mr. Carbajal asserts the same argument regarding the Court's jurisdiction in the present motion.  Docket No. 330 at 4.

himself as a "senior paralegal."  Docket No. 330 at 6-7, ¶¶ 6-7.  Specifically, Mr. Carbajal seeks $65,169.75 for Mr. Burton's work and $59,910 for his own work, for a total of $125,079.75.  *Id.* at 6, ¶ 7.

## II. LEGAL STANDARD

"'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or other contract provides otherwise."  *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010) (citation omitted).  In a civil rights action, the court has discretion to grant "the prevailing party . . . a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  "[A] plaintiff prevails when actual relief on the merits of [the] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  *Phelps v. Hamilton*, 120 F.3d 1126, 1130 (10th Cir. 1997) (citing *Farrar v. Hobby*, 506 U.S. 103, 109, 111-12 (1992)) (internal quotations omitted).  "Accordingly, the elements of prevailing party status include at least some relief on the merits of the plaintiff's claim and relief through an enforceable judgment against the defendant . . . or comparable relief."  *Id.* (citing *Farrar*, 508 U.S. at 111) (internal quotations omitted)).

## III. ANALYSIS

### A. Whether Mr. Carabajal is Entitled to Attorneys' Fees

In order to be eligible for attorneys' fees on his 42 U.S.C. § 1983 claim, Mr. Carbajal must have been the prevailing party in this case.  42 U.S.C. § 1988(b); *Phelps*, 120 F.3d at 1130.  But the jury returned a verdict in favor of all defendants on Mr. Carbajal's claim, Docket No. 324, and the Court entered final judgment in favor of

defendants and against Mr. Carbajal.  Docket No. 326 at 1.  Nor did Mr. Torrez default as Mr. Carbajal claims.  While it is true that Mr. Torrez did not testify at trial, Mr. Carbajal, not Mr. Torrez, had the burden of proof on Mr. Carbajal's Section 1983 claim.  Docket No. 368 at 12-13.  The fact that Mr. Torrez did not testify or otherwise put on evidence in his defense does not constitute a default.  As the Court instructed the jury on July 29, 2024, the "defendants are not required to introduce any evidence or to call any witnesses in order to defend against the plaintiff's claim."  Docket No. 280 at 6.  Mr. Carbajal cites no authority that supports his arguments.  Mr. Carbajal cannot be considered to have prevailed in this matter.  The Court will deny Mr. Carbajal's motion.

### B. Defendants' Request for Sanctions

Defendants argue that the present motion is frivolous and seek to recoup, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, the attorneys' fees they incurred in responding to this motion.  Docket No. 341 at 12.

Pursuant to the Local Rules, "[a] motion shall not be included in a response or reply to the original motion.  A motion shall be filed as a separate document."  D.C.COLO.LCivR 7.1(d).  Moreover, motions for sanctions under Rule 11 "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2).  The Court will therefore deny defendants' request for attorneys' fees based on their failure to comply with both the Local Rules and the Federal Rules of Civil Procedure.

Even if the Court were to consider defendants' request on its merits, the Court would deny the request.  Rule 11(c)(1) allows a court to "impose an appropriate sanction on any attorney, law firm, or party that violate[s] [Rule 11(b)] or is responsible for the violation," including "payment to the movant of part or all of the reasonable

4

attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(1), (4).  "In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991).  The Tenth Circuit has stated that, "[b]ecause our adversary system expects lawyers to zealously represent their clients, this standard is a tough one to satisfy." *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015).

Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  "An attorney's actions are considered vexatious and unreasonable under § 1927 if the attorney acted in bad faith," *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985), or if the attorney's conduct constitutes a "reckless disregard of the duty owed by counsel to the court." *Braley v. Campbell*, 832 F.2d 1504, 1511-12 (10th Cir. 1987).

While Mr. Carbajal's motion for attorneys' fees does not merit an award given the outcome of the case, the Court finds that the motion is more novel than vexatious and does not surpass the bar set for sanctions under either Rule 11 or Section 1927.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiffs [sic] Motion for Attorney Fees and Costs [Docket No. 330] is **DENIED**.  It is further

5

**ORDERED** that the portion of Defendants' Response to Plaintiff's Motion for Attorney's Fees and Costs [Docket No. 341], construed as a motion for sanctions, is **DENIED**.

DATED February 27, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge