IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 19-cv-01387-PAB-KAS

DEAN CARBAJAL,

Plaintiff,

v.

JAMES FALK,
ANTHONY PIPER,
MICHAEL MCCALLUM,
JEREMY KAHN,
TIFFANY GOSSETT,
BLAS TORREZ, and
JOSE CONTRERAS,

Defendants.

---

**ORDER**

---

This matter comes before the Court on the Motion for Substitution of Party Defendant Pursuant to Fed. R. Civ. P. 25(a)(1) [Docket No. 343].[1] Defendants filed a response, Docket No. 363, and plaintiff filed a reply. Docket No. 371.

## I. BACKGROUND

On July 29, 2024, the trial in this case took place, involving Mr. Carbajal's Eighth Amendment deliberate indifference claim. Docket No. 313. The five-day trial ended on

[1] Mr. Carbajal filed another Motion for Substitution of Party Defendant Pursuant to Fed. R. Civ. P. 25(a)(1) [Docket No. 353] which is identical to Docket No. 343 except that it falsely states it was filed through counsel, whereas Docket No. 343 states that it was filed pro se. *Compare* Docket No. 353 at 1 *with* Docket No. 343 at 1. Both motions are signed by Mr. Carbajal, not by counsel. Docket No. 353 at 3; Docket No. 343 at 3. For the sake of clarity, the Court will cite exclusively to Docket No. 343.

August 5, 2024. Docket No. 319. Mr. Carbajal was represented by counsel. On Friday, August 2, 2024, a day the Court did not hold trial, defendants filed a Notice of Death stating that Blas Torrez, one of the defendants, died on August 1, 2024. Docket No. 317. The Court addressed the effect of Mr. Torrez's death on the morning of Monday, August 5, 2024, outside the presence of the jury. Docket No. 405 at 2, 826:10-25. In light of Colorado law, the Court found that Mr. Carbajal's claim, brought under 42 U.S.C. § 1983, survived Mr. Torrez's death.[2] *Id.* at 2-3, 826:18-25, 827:1-15. Mr. Carbajal orally moved to substitute parties for Mr. Torrez.[3] *Id.* at 17, 841:17-18. The Court denied the request, noting that it was unclear whether Mr. Carbajal complied with the necessary prerequisites for substitution, including giving notice to the party being substituted. *Id.*, 841:19-25, 842:1-2. Although defendants suggested that Mr. Torrez's name be removed from the verdict form, the Court overruled the request and allowed Mr. Carbajal's claim against Mr. Torrez to proceed. *Id.* at 7-8, 831:24-25, 832:1-4. On August 5, 2024, the jury reached a verdict in favor of all defendants, including Mr. Torrez. Docket No. 324 at 1-3.

On August 7, 2024, the Court entered final judgment in favor of defendants and against plaintiff Dean Carbajal. Docket No. 326. On August 16, 2024, Mr. Carbajal, through counsel, filed a motion to substitute Mr. Torrez's estate as a defendant in this

[2] "Survival of § 1983 actions after a plaintiff's death is governed by state law, as long as the state law is 'not inconsistent with the Constitution and laws of the United States.'" *Medina v. Pacheco*, 161 F.3d 18 (Table), 1998 WL 647784, at *4 (10th Cir. 1998) (quoting *Robertson v. Wegmann*, 436 U.S. 584, 588-80 (1978)) (citations omitted). Colorado's survival statute, Colo. Rev. Stat. § 13-20-101(1), states that "[a]ll causes of action, except actions for slander or libel, shall survive and may be brought or continued notwithstanding the death of the person in favor of or against whom such action has accrued."

[3] Mr. Carbajal did not indicate who he wished to substitute for Mr. Torrez.

action. Docket No. 327. On August 22, 2024, the Court denied the motion, noting that, under Federal Rule of Civil Procedure 25(a), Mr. Carbajal must serve the motion to substitute and a statement noting Mr. Torrez's death on the parties as provided in Rule 5 and on the nonparties as provided in Rule 4. Docket No. 332 at 2. The Court found that "Mr. Carbajal has not demonstrated that he has served the notice of death or the motion to substitute on the successors or representatives of Mr. Torrez's estate in satisfaction of Rule 25(a)(3)" and therefore denied the motion without prejudice. Docket No. 332 at 2.

On September 5, 2024, Mr. Carbajal filed a motion seeking judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 or a new trial pursuant to Federal Rule of Civil Procedure 59. Docket No. 340. On September 13, 2024, Mr. Carbajal, pro se,[4] filed a motion under Federal Rule of Civil Procedure 25(a)(1) to substitute either Tamara Torrez, Mr. Torrez's wife, or Sarah Torrez, Mr. Torrez's daughter, for Mr. Torrez as a defendant in this action.[5] Docket No. 343 at 1. That same day, Mr. Carbajal filed a notice of appeal. Docket No. 344. The Tenth Circuit abated the appeal pending this Court's ruling on Mr. Carbajal's motion for judgment as a matter of law or for a new trial. Docket No. 348. On October 16, 2024, the Court denied the motion. Docket No. 368. On November 18, 2024, Mr. Carbajal filed a second notice of appeal. Docket No. 375. When Mr. Carbajal filed his opening brief in the Tenth Circuit, the Court administratively closed this case pending Mr. Carbajal's appeal. Docket No. 400. Upon administratively

---

[4] Mr. Carbajal improperly filed this motion pro se, as Mr. Carbajal was represented by counsel until the Court granted his attorney's motion to withdraw on February 27, 2025. Docket No. 383.

[5] As noted earlier, Mr. Carbajal filed the other nearly identical motion for substitution on September 18, 2024. Docket No. 353.

closing the case, the Court denied all of Mr. Carbajal's pending motions without prejudice, including the motion for substitution. *Id.* at 2.

On September 9, 2026, the Tenth Circuit ordered a limited remand, with the instruction that the Court "address substitution for Mr. Torrez under Fed. R. Civ. P. 25(a) and to modify its judgment as necessary consistent with its action on substitution." Docket No. 406 at 1.

## II. ANALYSIS

Pursuant to the Tenth Circuit's mandate, Docket No. 406, the Court will reinstate Mr. Carbajal's motion for substitution, Docket No. 343, in order to address whether Mr. Torrez's wife or daughter should be substituted as a defendant in this action.[6]

Under Rule 25(a)(1),

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). As an initial matter, as in his oral motion for substitution on August 5, 2024, Mr. Carbajal has not demonstrated that he served the successors or representatives of Mr. Torrez in compliance with Rule 25(a)(3). Rule 25(a)(3) requires that the motion to substitute be served on nonparties as provided in Fed. R. Civ. P. 4 and that a "statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3). Mr. Carbajal asserts that he "has caused the motion to be served on the personal representative Tamara Torrez and/or Sarah Torrez, who has not been formally made a party to this action." Docket No. 343 at 3. Mr. Carbajal states that such service

---

[6] The Court will also reinstate the nearly identical second motion for substitution. Docket No. 353.

complied "with Rule 4 of the Federal Rules of Civil Procedure" and that he attached proof of service to his motion. *Id.* Mr. Carbajal, however, did not attach proof of service to his motion. Even assuming Mr. Carbajal properly served Tamara and Sarah Torrez with the motion for substitution, Mr. Carbajal does not state that he served Tamara and Sarah Torrez with a "statement noting death," as required by Rule 25(a)(3). Fed. R. Civ. P. 25(a)(3); *see also Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990) ("While service of a suggestion of death on counsel will satisfy the requirement of Rule 25(a)(1) for service of parties to the litigation, the service required by Rule 25(a)(1) on nonparties, specifically the successors or representatives of the deceased party's estate, must be service pursuant to Fed. R. Civ. P. 4.")) (citations omitted). It is clear from Rule 25 that a motion for substitution and a "statement noting death" are two different things, both of which must be served on a non-party. *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir.1985) (to satisfy Rule 25(a)(1), motion for substitution or suggestion of death must be personally served on nonparty representative of deceased, rather than deceased's attorney); *see also* 7C Wright & Miller, Federal Practice and Procedure § 1955 (2d ed. 1986). Thus, the Court finds that Mr. Carbajal has not demonstrated that he complied with Rule 25(a)(3). This alone provides reason to deny the motion for substitution.

Even if Mr. Carbajal properly served Tamara and Sarah Torrez, the Court would deny the motion because Mr. Carbajal has not shown that Tamara and/or Sarah Torrez[7]

---

[7] It is not clear whether Mr. Carbajal wishes to substitute both Tamara and Sarah Torrez or wishes to substitute only one of them. Near the beginning of his motion, Mr. Carbajal requests that the Court order Tamara Torrez or Sarah Torrez to be substituted for Mr. Torrez. Docket No. 343 at 1. However, shortly thereafter, Mr. Carbajal states

are the representatives or successors of Mr. Torrez's estate. "The party seeking substitution must show that the person to be substituted is a proper representative or successor under applicable state law." *August v. Univ. of New Mexico Med. Ctr.*, 2024 WL 4438100, at *1 (D.N.M. Sept. 16, 2024) (quoting 6 Moore's Federal Practice – Civil § 25.12(3)).

Before analyzing whether Mr. Carbajal has met his burden to show that Tamara and/or Sarah Torrez are proper parties for substitution, the Court will address defendants' argument that only Mr. Torrez's representatives, and not his successors, may be substituted as parties in this action. Docket No. 363 at 4; *see* Colo. Rev. Stat. § 13-20-101(2) ("Any action under this section may be brought or the court on motion may allow the action to be continued by or against the personal representative of the deceased."); *Brooks v. City & Cnty. of Denver*, 593 P.3d 937, 946 (Colo. App. 2026) ("Only the estate's personal representative may bring [a survival] action.") (citations omitted). Rule 25(a)(1) contemplates that the "proper party" for substitution may be the decedent's successor or the decedent's representative by stating that a motion for substitution may be brought by the decedent's successor or representative. *See* Fed. R. Civ. P. 25(a)(1). Courts have held that "the proper party for substitution upon death is either the successor of the deceased defendant or the representative of the deceased defendant's estate." *Welch v. City of Albuquerque*, 2017 WL 1508619, at *1 (D.N.M. Mar. 14, 2017) (citation omitted); *see also Shannon v. Dollar Tree Stores, Inc.*, 2023 WL 2891177, at *1 (E.D. Mo. Apr. 11, 2023) ("Under Rule 25(a)(1), the proper party for

---

that "Tamara Torrez and/or Sarah Torrez should be duly substituted as defendant in this action." *Id.*

substitution is the decedent's successor or representative.") (citations omitted). Thus, the Court finds that, under Rule 25(a)(1), either Mr. Torrez's successor or his representative may be substituted for Mr. Torrez.

The Court looks to Colorado law to determine the definition of a representative and a successor. The Eighth Circuit has found that "state law governs *who* can be a 'representative' or 'successor' . . . under Rule 25(a)(1)." *In re Baycol Products Litigation*, 616 F.3d 778, 785 (8th Cir. 2010). Two courts in this district, including this Court, have followed the Eighth Circuit and found that the definition of a successor is governed by state law. *Eckerman v. Wells Fargo Bank, N.A.*, No. 17-cv-02636-PAB-STV, 2018 WL 3219897, at *1 (D. Colo. June 29, 2018); *Harris v. Romero*, No. 20-cv-01396-RMR-STV, 2023 WL 9101625, at *3 (D. Colo. Feb. 28, 2023), *report and recommendation adopted*, 2023 WL 9101575 (D. Colo. Mar. 15, 2023). Colorado law does not define "representative," but does define "personal representative." The term personal representative "includes executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same function under the law governing their status." Colo. Rev. Stat. § 15-10-201(39). "Colorado law defines 'successors' as persons other than creditors, who are entitled to the property of a decedent under his or her will or [the probate code]." *Harris v. Romero*, 2023 WL 9101625, at *3 (quoting Colo. Rev. Stat. § 15-10-201(51)).

In his motion for substitution, Mr. Carbajal asserts that Tamara and/or Sarah Torrez are the duly appointed executors of Mr. Torrez's estate and therefore are the representatives of Mr. Torrez. Docket No. 343 at 2. In response, defendants submit the affidavit of Tamara Torrez stating that "[n]o estate has been opened on behalf of Blas

Torrez." Docket No. 363-1 at 1. In his reply, Mr. Carbajal submits no evidence to refute Ms. Torrez's affidavit. *See generally* Docket No. 371. Therefore, the Court finds that Mr. Carbajal has not shown that Mr. Torrez has an estate. As a result, neither Tamara nor Sarah Torrez can be administrators or executors of Mr. Torrez's estate.

In his reply, Mr. Carbajal argues that both Tamara and Sarah Torrez qualify as Mr. Torrez's successors.[8] Docket No. 371 at 5. Mr. Carbajal maintains that Tamara and Sarah Torrez are Mr. Torrez's successors because they are entitled to his property under the probate code, due to Mr. Torrez dying intestate.[9] Docket No. 371 at 2-3. Under Colo. Rev. Stat. § 15-11-102(1)-(4), the surviving spouse of a decedent is entitled to a share of the decedent's intestate estate, although the amount of the spouse's share depends on various circumstances. Moreover, under Colo. Rev. Stat. § 15-11-103(1)(2), a decedent's descendants are entitled to any part of the intestate estate that does not pass to the surviving spouse or the decedent's designated beneficiary. But Mr. Carbajal presents no reason to believe Mr. Torrez died without a will. Thus, Mr. Carbajal has not demonstrated that Colorado law regarding intestate succession applies to Mr. Torrez. Moreover, Mr. Carbajal makes this assertion for the first time in his reply,

[8] Specifically, Mr. Carbajal argues that Tamara and Sarah Torrez are successors of Mr. Torrez's estate. Docket No. 371 at 5. As discussed above, however, Tamara Torrez's affidavit indicates that Mr. Torrez does not have an estate. The Court liberally construes Mr. Carbajal as arguing that Tamara and Sarah Torrez are Mr. Torrez's successors, not the successors of Mr. Torrez's estate.

[9] Mr. Carbajal states that Sarah Torrez is entitled to Mr. Torrez's property because Colorado law dictates that the property of an individual who dies intestate without a surviving spouse passes to the decedent's descendants. Docket No. 371 at 3. However, immediately preceding this claim, Mr. Carbajal states that "Tamara Torrez is the wife of decedent Blas Torrez." Docket No. 371 at 2. Thus, according to Mr. Carbajal, Mr. Torrez had a surviving spouse at the time of his death and Sarah Torrez would not therefore be a "proper party."

giving defendants no opportunity to respond to his unsubstantiated assertion. While Mr. Torrez's wife and daughter may be entitled to some of Mr. Torrez's property, either through a will or through intestate succession, Mr. Carbajal has not demonstrated as much. Thus, even if Mr. Carbajal properly served Tamara and Sarah Torrez, the Court would still deny his motion for substitution.

## III. CONCLUSION

Therefore, it is

**ORDERED** that the Motion for Substitution of Party Defendant Pursuant to Fed. R. Civ. P. 25(a)(1) [Docket No. 343] is **REINSTATED**. It is further

**ORDERED** that the Motion for Substitution of Party Defendant Pursuant to Fed. R. Civ. P. 25(a)(1) [Docket No. 343] is **DENIED without prejudice**. It is further

**ORDERED** that the Motion for Substitution of Party Defendant Pursuant to Fed. R. Civ. P. 25(a)(1) [Docket No. 353] is **REINSTATED**. It is further

**ORDERED** that the Motion for Substitution of Party Defendant Pursuant to Fed. R. Civ. P. 25(a)(1) [Docket No. 353] is **DENIED without prejudice**.

DATED November 10, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge